UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                                          NO. 15-130

DARION VEAL                                                SECTION "R"

**ORDER AND REASONS**

On September 9, 2016, judgment was entered against the defendant Darion Veal.[1] On September 30, 2016, the Clerk of Court received Veal's notice of appeal.[2] On January 19, 2017, after the Court granted Veal's motion for appointment of counsel, the Fifth Circuit noted that the filing of an untimely notice of appeal in a criminal case is customarily treated as a motion for determination whether the defendant is entitled to an extension of time to appeal.[3] It remanded the case for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.[4]

---

[1] R. Doc. 61.
[2] R. Doc. 62.
[3] R. Doc. 67 at 1-2.
[4] *Id.*

Pursuant to the Court's February 1, 2017 Order,[5] Veal filed a memorandum in support of an extension of time based on excusable neglect and/or good cause.[6] Veal argues that after judgment was entered in his case, he was unable to reach his counsel and communicate his desire to appeal. He additionally asserts that his counsel did not ask if he wanted to appeal, despite his counsel's obligation to file a notice of appeal if Veal so requested. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484-86 (2000); *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007). Additionally, Veal argues that because he could not communicate with his counsel, he was unaware of the procedural requirements and deadlines for filing an appeal.

The Court finds that Veal has shown good cause for an extension of time to appeal. Additionally, the Court notes that it previously granted Veal's pro se request for an appointment of counsel, which is treated as an implied finding of excusable neglect. *United States v. Garcia-Paulin*, 627 F.3d 127, 130 n.1 (5th Cir. 2010) ("A district court's grant of a motion to appoint counsel constitutes an implied finding of excusable neglect when an untimely notice of appeal has been filed.") (citing *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995). Thus, Veal has shown good cause and excusable neglect,

---

[5] R. Doc. 70.
[6] R. Doc. 77. The Government does not oppose an extension of time.

2

and is entitled to an extension of time.  His notice of appeal dated September 30, 2016, is therefore timely, and his appeal can proceed.

New Orleans, Louisiana, this __15th__ day of February, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE